UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

DANIEL LEE BROWN

    Plaintiff,

v.        Case No.

STATE OF WISCONSIN

WISCONSIN DEPARTMENT OF CORRECTIONS (D.O.C.)

DIVISION OF ADULT INSTITUTIONS (D.A.I.)

CORRECTIONAL OFFICER NASH

UNIT MANAGER GRENIER

INMATE COMPLAINT EXAMINER BEIER

CORRECTIONS COMPLAINT EXAMINER BRAD HOMPE

SECRETARY C. O' DONNELL

WARDEN MICHAEL MEISNER

CLINICAL WORKER CAYLOR

    Defendants.

*FILED APR 14 2021*

**21-C-04**[stamp]

Defendants are sued individually and in their official capacities.

I. **INTRODUCTION**

1. This is a 42 U.S.C. 1983 action filed by plaintiff, a state prisoner alleging violations of her Constitutional Rights against Due Process, Deliberate Indifference, Failure to Train, Failure to Protect, Failure to Intervene.

II. **JURISDICTION AND VENUE**

2. The Eastern District Federal Court has Jurisdiction in accordance with 28 U.S.C. § 1331; 1367; 2201 (a): and 2202, under U.S.C. § 1983. § 42 U.S.C. 12102.

III. **PARTIES INVOLVED**

1. Plaintiff Daniel Lee Brown, at all times mentioned herein as a prisoner of the State of Wisconsin housed at Redgranite Correctional Institution (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

2. Defendant Nash, at all times mentioned herein was a Correctional Officer (C.O.) at (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

3. Defendant Grenier, at all times mentioned herein was a Unit Manager at (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

4. Defendant Beier, at all times mentioned herein was a Inmate Complaint Examiner at (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

5. Defendant Brad Hompe, at all times mentioned herein was a Corrections Compaint Examiner at (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

6. Defendant C. O'Donnell, at all times mentioned herein was a Secretary at (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

7. Defendant Meisner, at all times mentioned herein was a Warden at (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

8. Defendant Caylor, at all times mentioned herein was a Clinical Worker at (R.G.C.I.) at 1006 County Road EE, P.O. Box 0925, Redgranite, Wisconsin 54970-0925.

## IV. **STATEMENT OF FACTS**

1. On 05-01-2020 on Unit G-West at Redgranite Correctional Institution, "Sgt. Nash was working our unit, she called me up to the desk and asked me if my bra was stuffed. I informed her that it wasn't, explained it was a padded bra, and demonstrated by pressing on the cups. She got on the phone, then called me back up and asked me for the receipt, which I brought to her. Again she got on the phone and again called me back up to the Sgt. Station, because she still wasn't satisfied and made me take my bra off so she could see it. I felt embarrassed and humiliated because of her actions. I informed her that I considered this harassment as she singled me out, even though there were others wearing bras of the same style and were out running around in the dayroom."

2. On 05-01-2020 I wrote a Psychological Service Request form DOC-3035B stating the above, which Clinical Worker Caylor confirmed receipt of on 05-04-2020.

3. On 05-05-2020 Using the Inmate Kiosk system, I informed G-West Unit Manager Grenier that "I wrote you a letter about an issue that happened with Nash on Friday 05-01-2020. I felt harassed, humiliated, and embarrassed because of it" – her response on 05-04-2020 "Okay, I will come meet with you about this."

4. On 05-05-2020 G-West Unit Manager Grenier and Clinical Worker Caylor met with me about my complaint about how I was treated by Nash. During this meeting I was asked what I was looking to be done about this treatment. I stated that there should be better training in dealing with sensitive issues like this for staff and that I didn't want to have any further contact with Nash. Caylor asked me if I saw why Nash was concerned because I could have been hiding something

in my bra. I stated that I wasn't complaining about Nash's reason, but how she handled the situation. They both said that they would look into my suggestions. I then informed Grenier that I wanted to file an ICE concerning Nash's treatment and asked if I had to write to anybody before I did this. Grenier informed me that I didn't have to write anybody else and that I can file my ICE.

5. On 05-06-2020 Per Unit Manager Grenier's recommendation I filed an Inmate Complaint stating "On 05-01-2020 when Sgt. Nash was working on G-Unit she called me up to the Sergeant's desk and asked me if my bra was stuffed. I informed her that it wasn't and explained it was a padded bra, and demonstrated by pressing on the cups. She said O.K. and then got on the phone. She called me back up to the Sergeant's desk and asked for the receipt, which I brought to her, she let me go back to my room and got back on the phone, then she called me back up to the desk and still wasn't satisfied and made me take off my bra and show it to her. I was not only humiliated because I had to do this, but also embarrassed because she kept calling me out to the Sergeant's desk to go through this. I informed her that I considered this harassment as I didn't see her pull anybody else up to the Sergeant's desk even though they were also wearing a bra of the same style and out running around in the dayroom all morning long."

6. On 05-10-2020 I wrote a Psychological Service Request DOC-3035B form stating "On 05-10-2020 Sgt. Nash was working our unit again even after I went to Ms. Grenier and Ms. Caylor about the way she treated me on 05-01-2020 in regards to how I felt Sexually Harassed. I also wrote an I.C.E. about the incident which I filed on 05-06-2020, and requested that permanent separation of any contact with Sgt. Nash. Her working here both shifts seemed vindictive and also that the DOC wasn't taking my claim seriously. I stayed covered up with a sweatshirt because I didn't feel comfortable with her, she made me feel like I was doing wrong because of my life choice to become a women. I stayed in my room most of the time instead of coming out in the dayroom which made me feel like I was being punished."

7. On 05-12-2020 Ms. Caylor's response back was "This has been noted. Plus this PSR will be in your PSU file. Thank You."

8. On 05-11-2020 Plaintiff's Inmate Complaint was received and denied by N. Beier Institution Complaint Examiner. Using DOC 310, DAI Policy 310.00.01, Executive Directive 72, and warden memo. "Inmate Brown complains that he was sexually harassed by Sgt. Nash. Inmate alleges that he was questioned multiple times about his bra and was required to turn it over to Sgt. Nash for inspection. Inmate provides that he felt humiliated and embarrassed.

    Based on the information contained on this complaint I.C.E. immediately referred the complaint to Warden Meisner. Warden Meisner waived the confidentiality of this complaint as allowed per Wisconsin Administrative Code DOC 310 for further investigation by security in accordance with Executive Directive 72 section XV.

    As complaints of this nature are not investigated within the I.C.R.S. and the appropriate referral for investigation has been made, the recommendation is for dismissal.

9. On 05-11-2020 Warden Meisner sent notice to plaintiff stating "This is to serve notice that the confidentiality of complaint submission received by the Institution Complaint Examiner on 05-11-2020 is being waived. Your submission alleges that Sgt. Nash sexually harassed you. In accordance with Executive Directive 72 and DAI Policy 310.00.01 your submission will be turned

over to a supervisor for appropriate investigation. This action is being taken under the provision of Wisconsin Administrative Code DOC 310.16 (4). The reviewing authority or secretary may waive confidentiality of a complaint to satisfy PREA Standards and reporting requirements.

10. On 05-17-2020 Plaintiff contacted G-Unit Manage Grenier stating "My I.C.E. was dismissed because it was forwarded to the PREA Investigator. I was wondering how long it is going to be until they come and talk to me about my I.C.E: complaint. I need to know so I can file appeals and pursue legal actions."

11. On 05-18-2020 G-Unit Manager Grenier responded "Hello, I do not know that I.C.E. will come speak with you. I did get forwarded a PREA Complaint. We had already spoken so nothing further is needed (info), the report does not meet the definition of sexual harassment so it was sent as non-PREA."

12. On 05-28-2020 Plaintiff's Inmate Complaint Appeal was filed. On 05-29-2020 appeal was dismissed by Secretary C. O'Donnell stating "The following is the Secretary's decision on the Corrections Complaint Examiner's recommendation of 05-29-2020 in the above appeal: the attached Corrections Complaint Examiners recommendation to dismiss this appeal is accepted as the decision of the Secretary."

13. On 05-28-2020 Corrections Complaint Examiner Brad Hompe Dismissed the Plaintiff's Inmate Complaint appeal stating "The Security Director has confirmed this matter has been reviewed and addressed in accordance with ED 72. This matter was also reviewed by the PREA Director. A parallel investigation is not necessary nor allowed per policy. Dismissal is recommended."

14. On 05-28-2020 Plaintiff completed Administrative Exhaustion, in addition to filing State Notice of Claim in accordance with Wis. Stat. § 893.82. On 06-23-2020, thus Plaintiff Daniel Brown has also Exhausted State Administrative remedies.

15. Plaintiff Daniel Brown presented Wis. Attorney Josh Kaul with the following legal reasoning: "On 05-11-2020 I filed an Inmate Complaint in regards to Sexual Harassment by Sgt. Nash, a correctional officer as Redgranite Correctional Institution. Unit Manager Grenier, Inmat Complaint Examiner Beiers, Secretary C.O'Donnell, and Warden Michael Meisner have demonstrated Deliberate Indifferance by not making any attempt to rectify the complaint, but have dismissed it with no attempt of seeking an administrative remedy. Denying me this process violates my due process rights and allowing the Sexual Harassment to occur and no action to stop it shows cruel and unusual punishment in violation of my 8th Amendment Rights."

16. The Plaintiff, has tried to be reasonable and has continued to meet unreasonableness. The Plaintiff now seeks this courts intervention, the court should note that Plaintiff has sought every available avenue to seek any administrative remedies. Defendants have denied the Plaintiff any process to seek administrative remedies and have used arbitrary D.O.C. Policies to violate due process clause of the XIV Amendment of the Constitution.

## V. **CONCLUSION**

17. The moving force of the defendant's actions and inactions are a direct result of the policy and procedures sanctioned, practiced and condoned by Wisconsin Department of Corrections and Wisconsin Division of Adult Institutions.

18. Defendant's et al. failed to allow Plaintiff any avenue to seek administrative remedies available to her, violating her due process rights protected by the Constitution's XIV Amendment's.

    Furthermore, the use of D.A.I. and D.O.C. Policies to deny Plaintiff access to the Inmate Complaint procedure to seek exhaustion of Administrative Remedies, also causes the Plaintiff denial to her constitutional rights to access the courts violating her due process rights.

19. Causation is a question of both: 1 fact, and 2 law... and in both cases this is a question for the jury to decide, for factual causation, it must be shown that "but for" the defendant's act the event would not have occurred.

20. The Plaintiff has established that the defendants conduct caused or materially contributed to the damage. To determine factual causation, the courts adopt the same "but for" test used in criminal cases: "but for the defendant's conduct, would the Plaintiff's loss have occurred? Where there is more than one possible cause, there are several tests that may be applied. For example: did the defendant's negligence materially increase the risk of injury? Similarly, was the breach of duty material cause of the injury?

21. To be established on the "Balance of Probabilities" it requires at least a 51% chance that the defendant's actions caused the damages. For these and stated reasons, the Plaintiff has met her burden.

## VI. **STATEMENT OF CLAIMS**

### Due Process

22. The deprivation of Plaintiff's access to seek administrative remedies to address potential Harassment issues that had occurred violated her Administrative Due Process rights.

23. The denial of a process to exhaust Administrative Remedies through the inmate complaint process constitutes a violation of due process, exhaustion of available administrative remedies is required for any suit challenging prison conditions not just for suits under § 1983 Porter V. Nussle, (2002) 534 U.S. 516, 524, 122 C. Ct. 983, 986, 152 L. Ed. 2d 12.; Woodford V. Ngo, (2006) 548 U.S. 81, 85, 126 S. Ct. 2378, 2382-83, 165 L. Ed. 2d 368.

24. The exhaustion requirement in § 1997 e(a) "applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520, 122 S. Ct at 986.

25. A remedy must be available in fact and not merely in form. If administration denies inmates the access to the precise administrative remedies that their inmates must exhaust that is a violation of due process that defendant's [et. al.] are liable for.

### Failure to Both Train and Intervene

26. Defendants: [et. al.] actions and inactions demonstrate failure to train, supervise and intervene. Defendant's failed to adequately train their subordinates for positions they authorized, and prepare them for issues regarding Transgender inmates, and failed to intervene after plaintiff made them aware; via internal institution procedures of a violation of established Prison Rape Elimination Act policy 115.15.

### Negligence

27. Defendants [et. al.] failure to exercise the degree of care expected of a person of ordinary prudence in like circumstances in protecting others from foreseeable and unreasonable risk of harm in this particular situation constitutes negligence.

### Collateral Negligence

28. Defendants [et. al.] presented unreasonable high degree of risk to the plaintiff, by failure to exercise even the slightest care in protecting her from it; associated with conscious indifference to plaintiff's rights.

### Deliberate Indifference

29. Defendants [et. al.] demonstrated deliberate indifference once aware of plaintiff's issues, defendants chose to arbitrarily ignore available and adequate remedies, ignoring plaintiff's common law assertion, and multiple requests (via interview/information request Doc. Form 761) for application of cogent reasoning.

30. Government entities must be "bound by the regulations which [they themselves] have promulgated." Vitarelli V. Seaton, 359, U.S. 535, 540, L. Ed. 2d. 1012, 79 S. Ct 968 (1959).

31. When an agency does not follow its own procedural rules, the agency "acts beyond its authority." Cited in State ex. Rel. Anderson-El V. Cooke, WI App. 40, 234 Wis. 2d 626, 610, N.W. 2d 821, 98-0175 (2000).

### VII. RELIEF REQUESTED

The application of res irsa loquitor.

Mandamus ordering each named person to award plaintiff Daniel Lee Brown monetary damages; severely in the amount of $10,000.00.

Mandamus ordering D.O.C., D.A.I. to award plaintiff Daniel Lee Brown punitive damages jointly in the amount of $247,500.00.

Injunctive relief requiring specific training for guards for proper ways of interacting with Transgender inmates.

Respectfully submitted

Dated this _____ day of _____ 20____

Daniel Lee Brown

Redgranite Correctional Institution

P.O. Box 925

Redgranite, WI. 54970-0925

E.  JURY DEMAND

☒ Jury Demand - I want a jury to hear my case
OR

☐ Court Trial – I want a judge to hear my case

Dated this __9__ day of __April__ 20_21_.

Respectfully Submitted,

_Daniel X Brown_
Signature of Plaintiff

__204789__
Plaintiff's Prisoner ID Number

__1006 County Rd EE__
__Redgranite, WI. 54970-0925__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

## REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

☒ I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

☐ I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.